UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNIE L. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1215 (ABJ) |
| | ) |
| ISAAC FULWOOD, JR. *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, challenges on constitutional grounds his parole revocation proceedings conducted by the United States Parole Commission ("Commission"). *See generally* Compl. [Dkt. # 1]. He sues Commission Chairman Isaac Fulwood, Jr., and Hearing Examiner Paul Howard under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and his former attorney, Rashida Edmondson of the Public Defender Service for the District of Columbia ("PDS"), and Georgetown University law student Sean Douglass under 42 US.C. § 1983. In addition, plaintiff purports to sue "unknown agents of [the Commission] at [the] District of Columbia Department of Corrections." Compl. at 3. Plaintiff seeks to "vacate [the] revocation hearing" and $507 million in monetary damages. Compl. at 11.

Edmondson moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss [Dkt. # 11]. Plaintiff has filed an opposition, Pl.'s Opp'n to Def. Rashida Edmonson's Mot. to Dismiss Pursuant to Federal Rule Civil Procedure 12(b)(6) [Dkt. # 14], and Edmondson has replied, Response to Pl.'s Opp'n to Def. Edmondson's Mot. to Dismiss [Dkt. # 27]. Since a public defender is not subject to liability under section 1983 for conduct arising from her

representation, the motion will be granted and the complaint against Edmonson and Douglass will be dismissed.[1]

## BACKGROUND

The alleged facts relevant to the instant motion are as follows. Plaintiff was sentenced by the Superior Court of the District of Columbia in June 1991 to a prison term of 18 to 54 years. Compl. at 2. He was released to parole supervision in October 2005. *Id*. On January 18, 2011, plaintiff "was . . . arrested in Prince George's County, Maryland, and . . . charged with three armed robberies." *Id*. at 4. Plaintiff posted bond in the Maryland case in February 2011, but the Commission, as the supervising authority over District of Columbia parolees, issued a parole violator warrant and placed a detainer on plaintiff. *Id*. Thus, when the Maryland authorities "finally" released plaintiff on bond in February 2012, the United States Marshal executed the Commission's warrant and transported him to the District of Columbia. *Id*.

On February 10, 2012, the Commission conducted a probable cause hearing on the revocation warrant, scheduled a parole revocation hearing, and appointed PDS to represent plaintiff at the revocation hearing. *Id*. at 4-5. Howard conducted a revocation hearing on April 4, 2012, and found, based on the Maryland charges, that plaintiff had violated the conditions of his release. *Id*. at 5, *see* Compl. Attach., ECF pp. 14-17. The Commission revoked plaintiff's parole in an order dated April 4, 2012, which Fulwood signed on May 15, 2012. Compl. Attach., ECF p. 17. Meanwhile, on September 22, 2011, plaintiff's trial in Maryland ended in a mistrial and was rescheduled for June 29, 2012. Compl. at 4 ¶ 4.

In July 2012, plaintiff initiated this civil action from the Federal Correctional Institution

---

[1]   Although the motion to dismiss does not include Sean Douglass as a movant, the court considers him to be in privy with Edmonson who supervised Douglass pursuant to D.C. Court of Appeals Rule 49(c)(10). Mem. of P. & A. in Support of Def.'s Mot. to Dismiss at 2 n.1.

2

Rivers in Winton, North Carolina. He claims that his revocation proceedings were unlawful because they occurred while he was on bond pending trial in Maryland. As to Edmonson specifically, plaintiff alleges that she rendered ineffective assistance of counsel by "acting in concert with Defendant Howard in conducting the illegal revocation hearing . . . .," Compl. at 6 ¶ 9, and by "deliberately supplying information [at the hearing] that she knew was totally untrue and false . . . ." *Id*. at 8 ¶ 15. Plaintiff describes Edmonson's "overt act" as "advancing false information that the [Maryland] case was no longer before the court with full knowledge that the case was actually pending [re]trial, [that] Harris was on bond, . . . [and that he] was represented by counsel [in the criminal proceeding]." *Id*. at 6-7 ¶ 9.

## DISCUSSION

### 1. Legal Standard

"To survive a [Rule 12(b)((6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted).

In considering a motion to dismiss for failure to state a claim, a court generally "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "grant plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the court need not accept a plaintiff's legal conclusions or the inferences he draws if

those inferences are unsupported by the alleged facts. *Id*. "Nor must the court accept legal conclusions cast as factual allegations." *Id*.; *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact). And while "[a] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . even a pro se complaint must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotations marks and citations omitted).

In ruling on a Rule 12(b)(6) motion to dismiss, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which . . . judicial notice" may be taken. *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). In construing *pro se* filings liberally, and absent any indication of prejudice to the defendant, the court should read "all of the plaintiff's filings together[.]" *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999).

**2.  Analysis**

Section 1983 creates a private cause of action against a "person" who violates an individual's constitutional rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . or the District of Columbia . . . ." 42 U.S.C. § 1983. Such claims are cognizable against the individual only in his or her personal capacity. *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997). Liability may not rest on a theory of either vicarious liability or respondeat superior. *See Iqbal*, 556 U.S. at 676; *Graham v. Davis*, 880 F.2d 1414, 1421 (D.C. Cir. 1989) (citation omitted); *Lewis v. Gov't of District of Columbia*, 643 F. Supp. 2d 119, 122 (D.D.C. 2009).

Since plaintiff's section 1983 claim against Edmonson and Douglass is predicated on their representation of him during the revocation proceedings, it fails as a matter of law.  It is established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding[,]" *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), but rather "serve[s] as [an] adversar[y] to the government." *Stoddard v. District of Columbia Public Defender Serv's*, 535 F. Supp. 2d 116, 118 (D.D.C. 2008).  In addition, this court has reasoned that since the Commission's regulation permits licensed attorneys "to perform traditional lawyer functions" during revocation proceedings, "PDS rightly asserts . . . that it cannot be held liable under § 1983 for a claim stemming from its representation of an individual in [such] proceedings."  *Id.*; *see Rice v. District of Columbia Public Defender Serv's*, 531 F. Supp. 2d 202, 203-04 (D.D.C. 2008) ("Courts in this Circuit are bound by the Supreme Court's ruling [in *Polk County*], and have dismissed civil rights claims against defense counsel on the ground that [appointed] counsel are not state actors when representing clients.") (citing cases).  Besides, plaintiff cannot maintain his ineffective assistance claim under section 1983 since no constitutional right to counsel attaches to a D.C. Code offender's parole revocation proceedings, and absent such a right "there can be no deprivation of effective assistance."  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Wainwright v. Torna*, 455 U.S. 586 (1982)); *see Washington v. U.S. Parole Comm'n*, 859 F. Supp. 2d 21, 23 (D.D.C. 2012) (citations omitted) ("The Supreme Court has 'held that a parolee is not entitled to the full panoply of due process rights to which a criminal defendant is entitled, and that the right to counsel generally does not attach to [parole revocation] proceedings.' ") (quoting *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 366 n. 5 (1998)); *see also* 28

C.F.R. § 2.103(e) (permitting but not requiring an "alleged violator" to be represented at a revocation hearing by an attorney or "a non-attorney representative" of his choice).

## CONCLUSION

For the foregoing reasons, defendant Edmonson's motion to dismiss the complaint for failure to state a claim is granted. A separate Order accompanies this Memorandum Opinion.

```
                        _____s/_____
                        AMY BERMAN JACKSON
                        United States District Judge
```

DATE:  May 30, 2013