UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNIE L. HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 12-1215 (ABJ) |
| ISAAC FULWOOD, JR. *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, challenges on constitutional grounds his parole revocation proceedings conducted by the United States Parole Commission ("Commission"). *See generally* Compl. [Dkt. # 1]. He seeks to "vacate [the] revocation hearing" and $507 million in monetary damages. Compl. at 11. Plaintiff sues Commission Chairman Isaac Fulwood, Jr., Hearing Examiner Paul Howard, and unidentified individuals under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In addition plaintiff sues his former attorney Rashida Edmondson and Georgetown University law student Sean Douglass whose joint motion to dismiss was granted on May 30, 2013. *See* Order [Dkt. # 34].

Federal defendants Fulwood and Howard, both of whom are being sued in their individual and official capacities, move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. Defs.' Mot. to Dismiss Pl.'s Compl. [Dkt. # 32]. Plaintiff has opposed the motion, Pl.'s Mem. in Opp'n to Defs.' Isaac Fulwood Jr., and Paul

1

Howard's Mot. to Dismiss the Pl.'s Compl. [Dkt. # 36], and defendants have replied, Fed. Defs' Reply in Support of Their Mot. to Dismiss Pl.'s Compl. [Dkt. # 38].

Based on the parties' submissions and the relevant parts of the record, the court will grant defendants' motion and will dismiss the official-capacity claims under Rule 12(b)(1) and the personal-capacity claims and claim for injunctive relief under Rule 12(b)(6).

## BACKGROUND

Plaintiff was sentenced by the Superior Court of the District of Columbia in June 1991 to a prison term of 18 to 54 years. Compl. at 2. He was released to parole supervision in October 2005. *Id*. On January 18, 2011, plaintiff "was . . . arrested in Prince George's County, Maryland, and . . . charged with three armed robberies." *Id*. at 4. Plaintiff posted bond in the Maryland case in February 2011, but the Commission, as the supervising authority over District of Columbia parolees, issued a parole violator warrant and placed a detainer on plaintiff. *Id*. Thus, when the Maryland authorities "finally" released plaintiff on bond in February 2012, the United States Marshal executed the Commission's warrant and transported him to the District of Columbia to answer the following parole violator charges. *Id*.

> Charge No. 1 - Failure to Submit to Drug Testing; Charge No. 2 – Failure to Report to Community Supervision Officer as Directed; Charge No. 3 – Use of Dangerous and Habit Forming Drugs; Charge No. 4 – Law Violation (A) Assault (4 counts), (B) Hand Gun on Person, (C) Felon in Possession of a Firearm; Charge No. 5 – Law Violation (A) Armed Robbery, (B) Robbery, (C) Theft over $10,000.00, (D) Assault.

Defs.' Ex. 3 [Dkt. # 32-4] (Warrant Application at 2).

On February 10, 2012, the Commission conducted a probable cause hearing on the violator warrant, scheduled a parole revocation hearing, and appointed the District of Columbia Public Defender Service to represent plaintiff at the revocation hearing. Compl. at 4-5. Howard conducted a revocation hearing on April 4, 2012, and found, based on the administrative

2

violations (Charge Nos. 1-3) and the Maryland charges of robbery, theft, and assault (Charge No. 5), that plaintiff had violated the conditions of his release. *Id*. at 5, *see* Compl. Attach., ECF pp. 14-17 (partial Apr. 4, 2012 Hearing Summary); Defs.' Ex. 7 [Dkt. # 32-8] (Apr. 4, 2012 Hearing Summary (hereafter "Hrg. Summ.")). Howard found insufficient evidence to support a finding based on the criminal conduct underlying Charge No. 4. Hrg. Summ. at 4. The Commission revoked plaintiff's parole in an order dated April 4, 2012, which Fulwood signed on May 15, 2012, *see* Compl. Attach, ECF p. 17, and set a presumptive re-parole date of January 17, 2017, after plaintiff's service of 72 months' imprisonment. Defs' Ex. 8 [Dkt. # 32-9] (May 17, 2012 Notice of Action).

Meanwhile, on September 22, 2011, plaintiff's trial in Maryland ended in a mistrial and was rescheduled for June 29, 2012. Compl. at 4 ¶ 4. On July 18, 2012, plaintiff was convicted of four counts of robbery, two counts of assault, and two counts of related weapons offenses, stemming from the conduct underlying Charge No. 5 of the violator warrant. *See* Defs.' Ex. 9 [Dkt. # 32-10] (Criminal Docket, Circuit Court of Maryland). On July 30, 2012, the National Appeals Board affirmed the Commission's revocation decision, finding petitioner's claim in part "moot because on July 18, 2012, after you filed your appeal, you were convicted [of the Maryland charges] forming the basis for the Category Five revocation conduct." Defs' Ex. 10 [Dkt. # 32-11] (Notice of Action on Appeal).

In July 2012, plaintiff initiated this civil action from the Federal Correctional Institution Rivers in Winton, North Carolina. He claims that his revocation proceedings in the District were unlawful because they occurred while he was on bond pending trial in Maryland. Plaintiff faults Howard for holding the alleged illegal hearing and for allegedly depriving him during the hearing of his right to confront and cross-examine adverse witnesses and his right of due process.

3

Compl. at 5, ¶¶ 8, 14. Plaintiff faults Fulwood essentially for adopting Howard's recommendation to revoke parole and for ordering him to serve 72 months' imprisonment "with full knowledge that [petitioner] was on bond, and the case was pending trial June 29, 2012." *Id*. at 7, ¶ 11.

Finally, in what seems wholly unrelated to this action, plaintiff sues "unknown agents" of the Commission and the D.C. Department of Corrections for "illegally taking over 2000 pages of legal material with respect to [his] civil action" in Prince Georges County, Maryland, where he had sued the county for $307 million. *Id*. ¶¶ 12, 18. Since plaintiff has not identified the "unknown agents" and sought leave to amend the complaint to name them as defendants, the complaint against the "unknown agents" is hereby dismissed without prejudice.

## DISCUSSION

**1. Review Standards**

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' " *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact).

### A. Rule 12(b)(1) Motions to Dismiss

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.' " *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### B. Rule 12(b)(6) Motions to Dismiss

"To survive a [Rule 12(b)((6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted). While "[a] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . even a pro se complaint must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotations marks and citations omitted).

In ruling on a Rule 12(b)(6) motion to dismiss, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which . . . judicial notice" may be taken. *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). In construing *pro se* filings liberally, and absent any indication of prejudice to the defendant, the court should read "all of the plaintiff's filings together[.]" *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999).

**2. Analysis**

In *Bivens*, the Supreme Court recognized a private cause of action against federal employees who violate an individual's constitutional rights while acting under color of federal law. Like claims brought under its state analog, 42 U.S.C. § 1983, *Bivens* claims are cognizable against the individual only in his personal capacity, *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997), and liability may not rest on a theory of either vicarious liability or respondeat superior. *Iqbal*, 556 U.S. at 676. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*;

*accord Graham v. Davis*, 880 F.2d 1414, 1421 (D.C. Cir. 1989) (citation omitted); *Lewis v. Gov't of District of Columbia*, 643 F. Supp. 2d 119, 122 (D.D.C. 2009). In addition, "*Bivens* actions are for damages," the payment of which a losing defendant is personally responsible. *Simpkins*, 108 F.3d at 369; *see Davis v. Passman*, 442 U.S. 228, 245 (1979) (Under *Bivens*, "it is damages or nothing.") (citation and internal quotation marks omitted).

### A. Subject Matter Jurisdiction

Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived immunity by statute. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *accord Friends of the Earth v. U.S. E.P.A.*, 934 F. Supp. 2d 40, 45-46 (D.D.C. 2013). The United States' consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992). A waiver of immunity is strictly construed in favor of the sovereign. *Orff v. United States*, 545 U.S. 596, 601-02 (2005). Plaintiff bears the burden of "overcom[ing] the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006), citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

Defendants argue correctly that plaintiff's official-capacity claims are equivalent to a claim against the United States, *see Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996), and that the United States has not consented to be sued for monetary damages based on a constitutional violation or, in other words, for a "*Bivens*-type cause of action directly against a federal agency." *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *see accord Scurlock v. Lappin*, 870 F. Supp. 2d 116, 119 (D.D.C. 2012); *Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 116

(D.D.C. 2012). Moreover, "[d]espite its role in administering parole for D. C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Therefore, the court will grant defendants' motion to dismiss the damages claim against Fulwood and Howard in their official capacity under Rule 12(b)(1).

### B. Personal Jurisdiction

Since *Bivens* liability is personal to the defendant, the court must have jurisdiction over the individual defendants in order to bind them to a judgment. *Mullen*, 843 F. Supp. 2d at 116. Defendants argue that the court lacks personal jurisdiction over Fulwood and Howard because neither defendant has been properly served with process. *See* Defs.' Mem. of P. & A. at 8-9. Since plaintiff is proceeding *in forma pauperis* and, thus, relying on the court officers to effect proper service, *see* 28 U.S.C. § 1915(d), the court will not penalize plaintiff by dismissing the complaint on this ground without first allowing him to provide additional service information that might cure this defect. Therefore, the court hereby denies defendants' motion to dismiss under Rules 12(b)(2) and 12(b)(5).

### C. Failure to State a Claim

1. Plaintiff's Claim for Damages

Plaintiff seeks to hold Commissioner Fulwood personally liable for adopting Hearing Examiner Howard's recommendation and ordering his service of 72 months' incarceration. Defendant argues correctly that Fulwood, as USPC Commissioner, enjoys absolute immunity from this lawsuit since the claim is "predicated on acts taken in [his] quasi-judicial or quasi-legislative capacity." *Jones v. Fulwood*, 860 F. Supp. 2d 16, 22 (D.D.C. 2012) (citations and internal quotation marks omitted). Immunity notwithstanding, plaintiff does not allege that

Fulwood participated personally in the hearing where the constitutional violations occurred and, thus, has failed to state a claim against Fulwood under either *Bivens* or § 1983. *Iqbal*, 556 U.S. at 676; *see Settles*, 429 F.3d at 1104 (reaffirming holding that "a cause of action under § 1983 will lie against the individual members of the Commission when acting pursuant to the Revitalization Act § 11231, 111 Stat. at 745," codified at D.C. Code § 24-131) (citing *Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 (D.C. Cir. 2004)).

In his claims against Howard, plaintiff alleges first that Howard proceeded with the revocation hearing knowing that plaintiff was on bond awaiting retrial on the armed robbery charge in Maryland. Compl. at 5, ¶ 8. Not only does this allegation fail to implicate the Constitution but it ignores parole regulations permitting such action. *See* 28 C.F.R. § 2.98(c) (one of four options available to the Commission when a parolee is "awaiting disposition of [a criminal] charge" is to issue a violator warrant "for the retaking of the parolee").

Plaintiff alleges next that Howard violated his due process rights and his right to confront and cross-examine adverse witnesses during the revocation hearing. *See* Compl. at 5-6; *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (listing among the minimum requirements of due process in parole revocation proceedings a qualified "right to confront and cross-examine adverse witnesses"). Defendants argue that Howard, like Fulwood, enjoys absolute immunity since this claim is predicated on acts he took in a quasi-judicial capacity as hearing officer. "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 683 (D.C. Cir. 2009) (citation and internal quotation marks omitted) (alteration in original). In recognizing that individuals other than judges "perform functions closely associated with the judicial process," the Supreme Court long ago "extended absolute immunity" to federal hearing

9

examiners and administrative law judges performing judicial acts. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985), citing *Butz v. Economou*, 438 U.S. 478, 513 (1978). The judges of this court, including the undersigned judge, and the circuit courts that have decided the issue have followed suit. *See Jones*, 860 F. Supp. 2d at 22 (citing cases); *Nelson v. Williams*, 750 F. Supp. 2d 46, 52-53 (D.D.C. 2010), *aff'd* No. 5429 (D.C. Cir. Jun. 23, 2011) (applying absolute immunity to Parole Commissioners, hearing examiners, and CSOs "as federal agents performing a quasi-judicial function in making a parole determination in [plaintiff's] specific case") (citing cases) (brackets in original); *see also Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 974 (5th Cir. 1988) ("[I]t appears that every circuit that has considered the issue has uniformly adopted [the] view" that "officials deciding whether to grant or deny parole enjoy absolute immunity while engaging in their official duties.").

"When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges -- that is, because they, too, exercise a discretionary judgment as a part of their function." *Atherton*, 567 F.3d. at 684, quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). The District of Columbia Circuit instructs that quasi-judicial immunity depends on "three main factors":

> 1) whether the functions of the official in question are comparable to those of a judge; (2) whether the nature of the controversy is intense enough that future harassment or intimidation by litigants is a realistic prospect; and (3) whether the system contains safeguards which are adequate to justify dispensing with private damage suits to control unconstitutional conduct.

*Id*. at 683 (citations omitted). Since the challenged decisions are those integral to Howard's duties as hearing examiner, are surely the kind that could subject him to harassment or intimidation by parolees, and are subject to administrative and judicial review to safeguard against unconstitutional conduct, the court finds that Howard is protected by absolute quasi-

judicial immunity.

   2. Plaintiff's Claim for Injunctive Relief

Defendants argue that plaintiff's claim for injunctive relief in the form of a new revocation hearing should be brought in habeas. *See* Defs.' Mem. at 10-11. But where, as here, a new revocation hearing would not necessarily result in plaintiff's earlier release from incarceration, plaintiff need not proceed in habeas. *See generally Davis v. United States Sentencing Comm'n*, 716 F.3d 660 (D.C. Cir. 2013), overruling *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371 (D.C. Cir. 2000). The court finds nonetheless that plaintiff is not entitled to a new revocation hearing, particularly in light of his subsequent conviction of the criminal charges relied upon to revoke his parole.

In his complaint, plaintiff claims that the Commission violated his Sixth Amendment right to confront and cross-examine Michael Hall. Compl. at 5-6. According to the testimony of Prince George's County Detective Trevel Watson at the revocation hearing, Hall admitted that he and plaintiff committed the robbery and related offenses upon which Charge No. 5 is based. Hrg Summ. at 5. In his opposition, plaintiff asserts the same constitutional violation with regard to Chaela Anderson who, according to Watson's testimony, was a victim of the robbery but "could not identify the robber." *Id*.

It is established that "[p]arole revocation proceedings are not criminal trials," and "the limitations and the rights [in such proceedings] are not coextensive with those applicable in criminal trials." *Ash v. Reilly*, 431 F.3d 826, 829 (D.C. Cir. 2005) (citations and internal quotation marks omitted). The Sixth Amendment right to confront and cross-examine adverse witnesses has been found to be inapplicable to parole revocation proceedings. *See United States v. Hall*, 419 F.3d 980, 985-86 (9th Cir. 2005) ("We, like the two circuits that have also addressed

this question, see no basis . . . to extend the Sixth Amendment right of confrontation to supervised release proceedings.") (other citations omitted); *see Ash*, 431 F.3d at 830, citing with approval *Hall* and Sixth and Eighth circuit cases determining same; *see also U.S. v. Carrion*, 457 Fed. Appx. 405, 410 n.3 (5th Cir 2012), citing *Ash* and First, Second, Sixth, Seventh, Eighth, and Ninth circuit cases determining same). Rather, the rights of a parolee facing revocation lie in the due process clause and consist generally of "notice and an opportunity to be heard in a reasonably timely and meaningful manner." *Ferguson v. Wainwright*, 849 F. Supp. 2d 1, 4 (D.D.C. 2012) (discussing standards set out in *Morrissey v. Brewer*, 408 U.S. 471 (1972)) (other citations and internal quotation marks omitted). The parolee does have a due process right to confront and cross-examine adverse witnesses "unless the hearing officer specifically finds good cause for not allowing confrontation," *Morrissey*, 408 U.S. at 489, but when, as here, "there is no good cause [established], a parolee is not entitled to a new parole hearing unless he shows 'prejudice from his inability to cross-examine' the missing witness." *Ash*, 431 F.3d at 830, citing *Jackson*, 323 F.3d at 131 (other citation omitted).

Plaintiff admits that he did not request Hall's appearance at the hearing "because Hall never testified at trial," Pl.'s Opp'n at 7, and the record shows that Anderson, who plaintiff claims did testify at his trial, *id*., could not be located at the time of the revocation hearing. *See* Hrg. Summ. at 2. Regardless, plaintiff's attorney elicited from Watson on cross-examination that Anderson was unable to identify the robber, *id*. at 5, and argued the weaknesses of the identification evidence against plaintiff. *Id*. at 6. Plaintiff has not stated how he was prejudiced by Anderson's absence, and the Court agrees with the National Appeals Board that plaintiff's subsequent conviction of the Maryland charges relied upon to revoke his parole renders this claim for a new revocation hearing moot since the conviction "afford[s] an uncontestable basis

for revocation." *McDowell v. Bearor*, No. 07–CV–500, 2009 WL 2871169, at *8 n.13 (N.D.N.Y. Sept. 2, 2009).

## CONCLUSION

For the foregoing reasons, the court grants the federal defendants' motion to dismiss the complaint under Rule 12(b)(1) as to the official-capacity claims and Rule 12(b)(6) as to all other claims. A separate, final order accompanies this Memorandum Opinion.

                                                    _____s/_____
                                                    AMY BERMAN JACKSON
                                                    United States District Judge

DATE: October 30, 2013